## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DENNIS JAMES MINNER, #307081**

      **Petitioner,**

                                **Civil No: 04-CV-71772-DT**
                                **Honorable Lawrence P. Zatkoff**
                                **Magistrate Judge R. Steven Whalen**

**v.**

**DOUGLAS VASBINDER**,

      **Respondent.**

---

## OPINION & ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

      This matter is before the Court on Petitioner's, Dennis James Minner's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  Respondents filed their Answer in Opposition to Petition for Writ of Habeas Corpus; and Petitioner filed his "Rebuttal Brief to Respondent's Answer Opposing Petitioner's Petition for Writ of Habeas Corpus."  Petitioner is a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan.  Petitioner pled nolo contendere in Wayne County Circuit Court to assault with intent to do great bodily harm less than murder pursuant to MCL §750.84.  Petitioner was sentenced to 2 to10 years imprisonment.

      Petitioner challenges the legality of his conviction and raises 4  issues for the Court's review.[1]  First, Petitioner asserts his Sixth Amendment right to a speedy trial was violated. Second,

---

[1]These 4 issues are articulated in Petitioner's trial motion for relief from judgment and in subsequent  appellate brief filings.  Petitioner's habeas petition references these issues as claims he is asserting before this Court, however, the factual argument and case law are found in his previous court filings.

Petitioner maintains that his trial counsel was ineffective.  Third, it is claimed that the trial court had

an  adverse bias against the Petitioner, which led to an unfair trial proceeding.  Finally, Petitioner

contends that he received ineffective assistance of appellate counsel.  Respondent only addresses

two of  Petitioner's claims stating that his speedy trial claim was waived and is without merit; and

that Petitioner's bias claim is not cognizable for habeas review and is also without merit.  Upon

review of the pleadings, the Court denies Petitioner's Writ of Habeas Corpus.

## II.  Statement of Facts

On June 30, 1999, Petitioner's wife accused the Petitioner of breaking into a Sheraton Hotel

room that she was occupying and initiating a verbal confrontation.  Mrs. Minner further stated that

the argument escalated to a point where the Petitioner choked Mrs. Minner until she became

unconscious, raped her and then threatened to take her life.  Mrs. Minner was eventually able to

escape, at which time she contacted the police.  On July 5, 1999, Petitioner was arrested and charged

in Wayne County with two counts of Criminal Sexual Conduct in the 3rd Degree pursuant to MCL

§750.520d.  Ultimately, Petitioner entered a plea nolo contendere for a charge of assault with intent

to do great bodily harm less than murder pursuant to MCL §750.84 in exchange for dismissal of the

two counts of 3rd Degree Criminal Sexual Conduct.

## III.  Procedural History

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals and

posed the sole issue of whether the trial court abused its discretion when it denied Petitioner's

request to withdraw his nolo contendere guilty plea.  The  Michigan Court of Appeals issued an

Order on June 13, 2001 denying Petitioner's application for leave. *People v. Minner,* Mich. Ct. App.

No. 233172 (June 13, 2001). Petitioner subsequently filed an application for leave to appeal with

the Michigan Supreme Court.  The Michigan Supreme Court denied Petitioner's application on December 27, 2001. *People v. Minner,* 465 Mich. 941; 639 N.W.2d 257 (Table) Mich. Sup. Ct. No. 119565 (December 27, 2001).

On July 8, 2003, Petitioner filed a motion for relief from judgment with the trial court raising the following issues: (1) whether Petitioner was denied a speedy trial;  (2) whether Petitioner was denied effective assistance of trial counsel; (3) whether Petitioner was denied effective assistance of appellate counsel;  and (4) whether the trial court had a bias against the Petitioner during his trial. The trial court denied Petitioner's motion for relief from judgment, which prompted Petitioner to file an application for leave to appeal with the Michigan Court of Appeals.  Petitioner's application for leave was denied on November 14, 2003.  *People v. Minner,* Mich. Ct. App. No. 250345 (November 14, 2003).  Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court.  The Michigan Supreme Court denied Petitioner's application on April 30, 2004 stating that the Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Minner,* 470 Mich. 858; 680 N.W.2d 418 (Table) Mich. Sup. Ct. No. 125128 (April 30, 2004).

On or about May 11, 2004, Petitioner filed a Petition for Writ of Habeas Corpus which is presently before the Court, raising the same claims he presented to the trial court in his motion for relief from judgment. Respondent answered the Petition making the same above referenced arguments.

For the reasons set forth below, Petitioners request for Writ of Habeas Corpus is denied.

## IV.  Standard of Review

Under the applicable standard of review set forth in the Antiterrorism and Effective Death

Penalty Act (AEDPA), codified at 28 U.S.C. §2254(d), a petitioner is not entitled to relief in a federal habeas corpus proceeding unless the state court's adjudication of his or her due process claim resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Under AEDPA, "clearly established federal law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 412-13.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Furthermore, a federal court may not issue a writ of habeas corpus under the "unreasonable application" clause of 28 U.S.C. §2254(d) "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 365; *see also Prince v. Vincent,* 538 U.S. 634, 638-39 (2003). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was *objectively* unreasonable," as opposed to transforming the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was reasonable. *Williams*

4

*v. Taylor,* 529 U.S. at 411.

Therefore, the threshold inquiry in this case is whether the Petitioner seeks to apply a rule(s) of law that was clearly established at the time of his conviction in the state court. *See, id.* at 412.

## V. <u>Applicable Law & Analysis</u>

### A.  **Sixth Amendment Right to a Speedy Trial**

Petitioner claims that his Sixth Amendment right to a speedy trial was violated because his trial commenced 8 months after the date of his arrest.  The right to a speedy trial applies to the states through the Fourteenth Amendment.  *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir.2005).

To determine whether a speedy trial violation has occurred, courts must consider the following four factors: (1) the length of the delay from the date of the indictment or arrest, whichever is earlier, to the date of trial; (2) the reason for the delay; (3) the Petitioner's assertion of his speedy trial rights; and (4) whether the Petitioner suffered any prejudice as a result of the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Maple*s, 427 F.3d at 1025-26.  No single factor is determinative, rather a court must weigh each factor and determine whether a constitutional violation has occurred. *Barker*, 407 U.S. at 533. However, "[t]he length of the delay is a threshold requirement  . . .  If the length of the delay is not 'uncommonly long,' then judicial examination ends." *Maples*, 427 F.3d at 1025 (citing *Doggett v. United States*, 505 U.S. 647, 652 (1992)). A delay approaching one year is presumptively prejudicial. *Id.*

Applying the *Barker* factors, the length of the delay can generally be considered a triggering mechanism. *See Barker,* 407 U.S. at 530.  Thus, the first inquiry is whether there was a presumptively prejudicial delay to warrant further investigation of the *Barker* factors.  The delay

5

in this case according to the Petitioner and the record was 8 months.  Although the delay here does not approach one year and the offense for which Petitioner is being detained is extremely serious, in the interest of fairness the Court will presume the delay of eight months to be prejudicial and proceed to examine the remaining factors.

The Court will now look at the reason for the delay.  There is no dispute that the delays were caused by two factors: (1) Petitioner's unavailability for his final conference which required rescheduling; and (2) a new appointment of trial counsel for the Petitioner. First,  Petitioner was facing criminal sexual conduct charges in Washtenaw County relative to another unrelated incident and was required to be present for a proceeding relative to that matter.  This proceeding conflicted with final conference scheduled in this case.  Since Petitioner was transferred to Washtenaw County to attend the legal proceedings in that matter, he was unavailable to appear for the final conference in this case.  Petitioner argues that it was the court and/or the sheriff's department's responsibility to coordinate these proceedings  so that he could make his court appearances when scheduled. Petitioner asserts that he had no control over the timing of his transfer to Washtenaw County for the proceedings in that court.  Petitioner also argues that he was unaware of the  final conference date in Wayne County.  The Court finds these arguments unpersuasive.

The courts nor the sheriff's department are responsible for Petitioner being arrested for two separate criminal sexual assault offenses in close proximity to one another in two different counties. Courts generally give deference to the schedules of neighboring courts, but depending upon the circumstances relative to the nature of the proceeding and which proceeding was scheduled first, one matter will go forward as scheduled and the other will need to be rescheduled.  There has been no showing by the Petitioner that rescheduling the final conference in this matter was a deliberate

6

attempt by the trial court to delay the commencement of his trial. Further, there has been no showing that the trial court withheld information regarding the final conference from the Petitioner.

Second, Petitioner disliked his trial counsel and filed a grievance against the attorney. Trial counsel in turn filed a motion to withdraw from representing the Petitioner; and the motion was granted. It took approximately 3 months for legal representation to be secured for the Petitioner and for his new counsel to prepare his case. Petitioner asserts that by the trial court allowing his attorney to withdraw, his trial was unjustifiably delayed. Petitioner claims that filing a complaint with the Attorney Grievance Commission was not a reason for his attorney to request removal from the case, nor a basis for the trial court to grant his request. The Court disagrees. Certainly, an attorney cannot zealously represent his client if a grievance has been filed against him because of his representation. More importantly, if Petitioner was unhappy with his trial counsel to the point of filing a grievance against him, it is illogical to conclude that the Petitioner would want his trial attorney to continue representing his interests. Accordingly, the Court finds that the reasons for the delay in bringing Petitioner's case to trial were prompted by Petitioner's actions and were not the fault of the trial court.

Relative to the third *Barker* factor, the record does not reflect that he asserted his right to a speedy trial. Petitioner argues that although he did not assert his right to the trial court, he informed his trial attorney about it. Therefore, Petitioner blames his trial counsel for not asserting his right to a speedy trial on his behalf. Even if Petitioner's claims are true, the assertion of right factor is only one amongst four and must be balanced with the other three. Finally, Petitioner must demonstrate prejudice as a result of the delay. Petitioner generally claims that he has suffered financial problems, disruption in family life, stress and anxiety as a result of the alleged speedy trial

violation.   Petitioner has presented no evidence suggesting that the prejudice he suffered was anything more than minimal. The Supreme Court has established that the prejudice inquiry must be determined in light of the interests of the defendant that the Sixth Amendment was intended to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Petitioner  does not explain how the alleged prolonged detention resulted in the above stated prejudicial result.  The Court acknowledges the emotional stress and anxiety that Petitioner may have felt during his pre-trial incarceration, but all involuntary detention will undoubtedly engender some amount of anxiety.  Upon balancing the four *Barker* factors, the Court concludes that Petitioner has not shown a violation of his Sixth Amendment right to a speedy trial.

### B. State-Created Right to Speedy Trial

Besides a constitutional right to a speedy trial, Petitioner also has raised a state statutory right to a speedy trial under MCL §780.131, which states as follows:

> 1) Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.

Petitioner asserts that his statutory right to be brought to trial within 180 days of his arrest was violated. A claim based solely on an error of state law is not redressable through the federal habeas process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Hutchison v. Marshall*, 744 F.2d 44, 46-47 (6th Cir.1984). No circumstances exist in this case which would persuade this Court to probe this issue any further. Thus, the Court finds Petitioner's violation of due process argument pursuant to state statutory law to be a non-cognizable basis upon which to grant habeas relief.

### C. Judicial Bias

Petitioner asserts that the trial court was biased against him due to the following alleged actions by the court: (1) Petitioner's conviction in Washtenaw County was referenced in the trial court's Opinion and Order denying Petitioner's relief from judgment motion; (2) Petitioner felt the trial court judge equated a "guilty" plea with a "nolo contendere" plea; (3) the trial court denied Petitioner's request to withdraw his guilty plea; and (4) Petitioner did not believe that the trial court judge took into consideration his feelings of sadness about the assault upon the victim in this case.

"The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980). If a habeas court determines that bias by a state judge resulted in a constitutional violation, then the court is required to overturn the state court decision. *See Maurino v. Johnson*, 210 F.3d 638, 645 (6th Cir.2000) ("Because judicial bias infects the entire trial process it is not subject to harmless error review").

> [The Sixth Circuit looks] to the Supreme Court's decision in *Liteky v. United States*, 510 U.S. 540, 552 (1994), to provide the standard for deciding judicial bias claims; in that case, the Court explained that "the pejorative connotation of the terms 'bias' and 'prejudice' demands that they be applied only to judicial predispositions that go beyond what is normal and acceptable." *Id.* at 552; *see also Maurino*, 210 F.3d at 645 . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not

9

>constitute a basis for a bias or partiality motion unless they display a deep-seated
>favoritism or antagonism that would make fair judgment impossible. Thus, judicial
>remarks during the course of a trial that are critical or disapproving or, or even
>hostile to counsel, the parties, or their cases, ordinarily do not support a bias or
>partiality challenge.  They *may* do so if they reveal an opinion that derives from a
>extrajudicial source; and they *will* do so if they reveal such a high degree of
>favoritism or antagonism as to make fair judgment impossible.

*Alley v. Bell,* 307 F.3d 380, 386 , 388 (6th Cir.2002).  Petitioner has failed to show that the trial court

judge in this case exercised a judicial bias which resulted in a due process violation.  The Court has

reviewed the record.  Although, the Petitioner cites general reasons that he asserts justify his claim,

the Court does not find any transcribed opinions, comments or other dialogue which demonstrate

a deep-seated antagonism that made the trial court judge incapable of rendering a fair judgment in

Petitioner's criminal case.  Moreover, the Court does not find that any judicial predispositions that

the trial court judge may or may not have had were abnormal and unacceptable.  Therefore, the trial

court decisions regarding Petitioner's plea and motion for relief from judgment were not contrary

to federal law, unreasonable applications of clearly established law, or unreasonable determinations

of the facts.

### D.  Ineffective Assistance of Trial and Appellate Counsel

Finally, Petitioner asserts that his legal representation at trial and on appeal was inadequate

and ineffective.  Relative to Petitioner's representation at trial, he asserts that his attorney was

ineffective because: (1) there was no pre-trial discovery conducted; (2) there was insufficient

personal contact/communication between counsel and the Petitioner; (3) there was insufficient trial

preparation; and (4) counsel failed to raise the Sixth Amendment speedy trial violation before the

trial court.  As for Petitioner's legal representation on appeal, he asserts the following: (1) appellate

10

counsel did not raise issues of "constitutional magnitude;" and (2) appellate counsel did not spend a sufficient amount of time preparing the brief.

The Court in *Strickland v. Washington,* 466 U.S. 668 (1984) established a two-prong test to evaluate claims of ineffective assistance of counsel pursuant to the Sixth Amendment.  First the petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and thus was deficient.  *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). *Id.*  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed Petitioner by the Sixth Amendment. *Id.*  Second, Petitioner must show that the deficient performance prejudiced his defense.  This requires a showing that the attorney's errors were so egregious so as to prejudice the Petitioner and deprive him of a fair trial.  *Id.*  To satisfy the prejudice prong, Petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*  If Petitioner in this case cannot make both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process and an unreliable judgment of conviction.  *Id.*

Appellate counsel need not raise every nonfrivolous argument on direct appeal. *Jones v. Barnes,* 463 U.S. 745, 751-52 (1983).  To be sure, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Id.* at 536.  Appellate counsel, however, is required to exercise reasonable professional judgment.  *Id.; Joshua v. DeWitt,* 341 F.3d 430, 441 (6th Cir. 2003). It is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another.  *Smith v. Robbins,* 528 U.S. 259, 289

11

(2000). In such cases, the petition must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.* at 289.

In this case, Petitioner has failed to meet the criteria necessary to establish a meritorious ineffective assistance of counsel claim. Petitioner's assertions in support of his position are generalized, unsubstantiated and conclusory. Relative to Petitioner's trial attorney, he has failed to demonstrate that the attorney's alleged errors were so egregious so as to prejudice the Petitioner, nor has he shown that but for these claimed errors the result of Petitioner's trial court proceedings would have been different. As for Petitioner's appellate counsel, Petitioner has failed to articulate what issues were not raised that should have been, nor how those issues were more meritorious than the issues that were presented by Petitioner's appellate counsel. Accordingly, the Court does not find that habeas relief can be granted based upon Petitioner's ineffective assistance of counsel claim.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that Petitioner's claims for habeas relief filed pursuant to 28 U.S.C. §2254 lack of merit. Consequently, Petitioner's application for federal habeas corpus relief shall be dismissed and the writ denied.

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus **[Doc. #1-1, filed May, 11, 2004]** is **DENIED** and this matter is **DISMISSED WITH PREJUDICE.**

s/Lawrence P. Zatkoff _____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  April 28, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 28, 2006.

s/Marie E. Verlinde                                    

Case Manager

(810) 984-3290